ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CARMEN ROJAS COSME<br><br>Peticionaria | KLAN202400573 | Apelación<br>Acogido como<br>*Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala de<br>Carolina<br><br>Caso Núm.<br>F CD2006-2275<br><br>Sobre:<br>Cobro de Dinero<br>Ejecución de<br>Hipoteca |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

I.

El 19 de diciembre de 2014, notificada el 7 de enero de 2015, el Tribunal de Primera Instancia, Sala de Carolina, dictó *Sentencia* mediante la cual declaró HA LUGAR *Demanda* sobre ejecución de hipoteca[1] instada por *First Bank Puerto Rico* contra la Sra. Carmen Rojas Cosme. Aproximadamente diez (10) años después, el 8 de mayo de 2024, la señora Rojas Cosme, mediante *Moción de sentencia sumaria* presentada por derecho propio, alegó que el foro primario no le notificó sobre la *Moción de sentencia sumaria* de demandante *First Bank Puerto Rico* y que, además existió fraude. Arguyó, que no existe causa en la obligación contractual dado que realizó una segunda hipoteca sobre su hogar sin que se le entregase dinero alguno.

El 13 de mayo de 2024, notificada el 15, el Tribunal de Primera Instancia declaró NO HA LUGAR a la *Moción de sentencia*

---

[1] La Sentencia forma parte del Recurso de Apelación, *FirstBank Puerto Rico* v. *Carmen Rojas Cosme,* Caso Núm. FCD2006-2275.

Número Identificador

RES2024_____

*sumaria* instada por la señora Rojas Cosme, y expresó que en el presente caso existe *Sentencia* final y firme. Aun inconforme, el 10 de junio de 2024, la señora Rojas Cosme, acudió ante nuestra consideración mediante *Apelación.* Plantea:

**PRIMER ERROR:**
**EL DEBIDO PROCESO DE LEY REQUERÍA QUE SE NOS NOTIFICARA LA MOCIÓN DE SENTENCIA SUMARIA DE LA APELADA.**

**SEGUNDO ERROR:**
**LA APELADA NO CONTESTÓ NUESTRA MOCIÓN DE SENTENCIA DEL CÓDIGO CIVIL.**

**TERCER ERROR:**
**HAY UNA PRESUNCIÓN DE FRAUDE JURE ET DE JURIS SEGÚN EL ART.1249 DEL CÓDIGO CIVIL, QUE NO ADMITE PRUEBA EN CONTRARIO.**

**CUARTO ERROR:**
**EL ART.1227 ESTABLECE QUE LOS CONTRATOS SIN CAUSA NO PRODUCEN EFECTO ALGUNO.**

Examinado su recurso, el 12 de junio de 2024, emitimos *Resolución* concediéndole el término de cinco (5) días para acreditar cumplimiento con la Regla 13(B) del Reglamento del Tribunal de Apelaciones, y demás exigencias reglamentarias.[2]

El 13 de junio de 2024, la señora Rojas Cosme presentó *Moción sometiendo documentos sobre la acreditación de notificación al Tribunal de Primera Instancia.* Posteriormente, el 20 de junio de 2024, presentó *Moción cumpliendo resolución* pertinente a la acreditación de notificación a la parte apelada. Sostiene que cumplió con el requisito de notificación a la parte apelada por medio de correo postal.

El 28 de junio de 2024 concedimos a la parte apelada treinta (30) días para presentar su alegato en oposición. Oportunamente compareció *First Bank Puerto Rico,* el 22 de julio de 2024. En síntesis, solicita la desestimación del recurso o en la alternativa acogerlo como un recurso de *Certiorari* y denegar su expedición.

---

[2] 4 LPRA Ap. XXII-B, R. 13(B).

## II.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[3] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[4] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[5] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[6]

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[7] La ausencia de jurisdicción es insubsanable,[8] por lo que, determinada la misma, sólo así puede declararse y desestimar el caso.[9] Conforme lo anterior, la Regla 83 de nuestro Reglamento[10] sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.[11] La aludida regla en lo aquí estrictamente pertinente, dispone:

> *Regla 83 — Desistimiento y desestimación*
> . . . .
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) **que el Tribunal de Apelaciones carece de jurisdicción**;
> . . . .
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto

---

[3] *Vázquez* v. *A.R.P.E.,* 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo*, 104 DPR 778, 782 (1976).

[4] *S.L.G. Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Morán* v. *Martí*, 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica*, 156 DPR 584, 595 (2002).

[5] *Souffront* v. *A.A.A.*, 164 DPR 663, 674-677 (2005); *Vázquez* v. *A.R.P.E.*, 128 DPR 513, 537 (1991).

[6] *Maldonado* v. *Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez* v. 128 DPR, a la pág. 537.

[7] *Caratini* v. *Collazo Syst. Análisis, Inc.*, 158 DPR 345, 356 (2003); *Vega et al.* v. 156 DPR, a la pág. 595.

[8] *Maldonado* v. 171 DPR, a la pág. 55; *Souffront* v. 164 DPR, a la pág. 674; *Vázquez* v. 128 DPR. a la pág. 537.

[9] *Caratini* v. *Collazo Syst. Análisis, Inc.*, 158 DPR 345, 356 (2003); *Vega et al.* v. 156 DPR, a la pág. 595.

[10] 4 LPRA Ap. XXII-B, R. 83.

[11] *Íd.*

discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.[12]

Por otro lado, la Regla 13 (B) del Reglamento de este Tribunal de Apelaciones[13] exige que, una vez interpuesto el recurso de *Apelación*, el mismo debe ser notificado a todas las partes dentro del término dispuesto. Para que un recurso apelativo quede perfeccionado se debe, no tan solo presentar el mismo oportunamente en la secretaría del Tribunal de Apelaciones, sino que también es necesaria la notificación dentro del término a todas las partes.[14]

Independientemente del método de notificación seleccionado por la parte apelante, el escrito inicial debe ser notificado a todas las partes y debe ser copia fiel y exacta del presentado incluyendo todos los apéndices. En *Montañez Leduc* v. *Robinson Santana*,[15] el Tribunal Supremo reiteró que "[l]o importante es que el escrito sea notificado con copia a la otra parte, dentro del plazo dispuesto por ley, independientemente del método que se utilice para ello".[16] Al solicitar la revisión de las decisiones de los foros primarios, la parte promovente es responsable del cumplimiento fiel y exacto de las

---

[12] *Íd.* (Énfasis nuestro).

[13] 4 LPRA Ap. XXII-B, R. 13.

[14] *Íd.* La regla dispone específicamente lo siguiente: "(B) Notificación a las partes (1) Cuándo se hará. La parte apelante **notificará el recurso apelativo** y los Apéndices dentro del término dispuesto para la presentación del recurso, **siendo éste un término de estricto cumplimiento**. La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos. (2) Cómo se hará La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas: correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original. **La notificación por correo se remitirá a los abogados o abogadas de las partes, o a las partes cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso.** Cuando del expediente no surja una dirección y la parte estuviere representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo". (Énfasis nuestro).

[15] *Montañez Leduc* v. *Alexander Robinson Santana*, 198 DPR 543, 553 (2017).

[16] *Íd.*

disposiciones reglamentarias del Tribunal Supremo y de este foro, según aplique.[17]

Esta exigencia reglamentaria, como cualquier otra sobre la presentación de los recursos, incluyendo los incoados ante este Foro Intermedio de Apelaciones, debe ser observada rigurosamente.[18] En tal sentido, no debemos olvidar, que, "[l]os requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley".[19] En *González Pagán* v. *Moret Guevara*,[20] el Tribunal Supremo precisó que, la falta de oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación.

Existe una diferencia entre un requisito de cumplimiento estricto y un requisito jurisdiccional. Los Tribunales pueden extender discrecionalmente un término de cumplimiento estricto o permitir su cumplimiento tardío solo cuando la parte que lo solicita demuestre justa causa para la tardanza.[21] Por consiguiente, "[l]os foros adjudicativos pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si: 1) en efecto existe justa causa para la dilación y, 2) si la parte le demuestra detalladamente al tribunal las bases razonables que tiene para la dilación".[22]

En ausencia de justa causa, el tribunal no tiene discreción para prorrogar el término y, en consecuencia, expedir el recurso. Nuestro más alto Foro ha reiterado que no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y

---

[17] *Soto Pino* v. *Uno Radio Group*, 189 DPR 84, 90 (2013).
[18] *Íd.* a la pág. 549; *Soto Pino* v. 189 DPR, a la pág. 90; *Arriaga* v. *F.S.E.*, 145 DPR 122, 129-130 (1998); *Cárdenas Maxán* v. *Rodríguez*, 119 DPR 642, 659 (1987); *Matos* v. *Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975).
[19] *Montañez Leduc* v. 198 DPR, a la pág. 551.
[20] *González Pagán* v. *Moret Guevara*, 202 DPR 1062, 1071 (2019).
[21] *S.L.G. Szendrey Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007) (citando *a Arriaga* v. *F.S.E.*, 145 DPR 122, 131 (1998); *Bco. Popular de P.R.* v. *Mun. de Aguadilla*, 144 DPR 651, 657 (1997)).
[22] *Íd.*

particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales.[23]

### III.

En el presente caso, considerando los señalamientos de error imputados, estos van dirigidos a impugnar un dictamen final y firme emitido el **19 de diciembre de 2014.** Ello plantea que el recurso ha sido instado tardíamente, lo que nos priva de jurisdicción para atenderlo en sus méritos.

Ahora bien, si acogemos el recurso como una revisión del dictamen emitido el pasado 13 de mayo de 2024, notificada el 15, mediante el cual el Tribunal de Primera Instancia declaró NO HA LUGAR a la *Moción de sentencia sumaria* instada por la señora Rojas Cosme, estaríamos ante una petición de *certiorari,* por recurrirse de un dictamen post sentencia. Así acogido, procede denegar su expedición, por ser un dictamen sustancialmente correcto en derecho.

### IV.

Por los fundamentos que anteceden, acogemos el recurso de *Apelación* como un auto de *Certiorari* y así acogido, *denegamos* su expedición.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[23] *Febles* v. *Romar*, 159 DPR 714, 720 (2003).